IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY GILLASPY and CONNIE SCORZA,
individually and as Husband and Wife;
RAYMOND G. VAUGHAN and VICKIE VAUGHAN,
individually and as Husband and Wife,

       Plaintiffs,

v.                                                            No. CIV-06-284 MV-CG

TOWN OF SILVER CITY; STATE OF NEW MEXICO,
REGULATION AND LICENSING DEPARTMENT,
CONSTRUCTION INDUSTRIES DIVISION;
WILLIAM R. HANKINS; MOGOLLON CORP.;
VIC TOPMILLER; SUN MOUNTAIN AMERICA, INC.;
CAROL THOMPSON dba THOMPSON REALTY/CENTURY 21;
ROBERT M. ROWLAND; *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Edward J. Lopez, Jr.'s ("Lopez") Motion to Dismiss (Doc. No. 125, filed March 19, 2007, "Motion"). For the reasons given below, the Court will **GRANT** the Motion.

**Background**

Plaintiffs' First Amended Complaint names Lopez as a defendant and states: "Defendant, Edward J. Lopez, was, at all times relevant to this action , the Superintendent of the Regulation and Licensing Department of the State of New Mexico, and was acting within his individual and official capacity as a Regulation and License Department official." (Doc. No. 112, ¶ 31 at 5, filed March 7, 2007).

Lopez filed his Motion to Dismiss on the grounds that he was not the Superintendent for the Regulation and Licensing Department of the State of New Mexico during time periods relevant to this litigation and, therefore, he is not a proper party to this litigation. (Motion, ¶ 5 at 2). Lopez contends that the allegations against Defendant State of New Mexico and its individual employee Defendants occurred in 1996 and January through July 2005. (*Id.*, ¶ 1 at 2). In his affidavit, which he attached to his Motion, Lopez states that he was appointed to serve as the Superintendent of the Regulation and Licensing Department on January 7, 2006, and had no responsibilities for the administration of the Department prior to that date. (*Id.*, Ex. A).

**Standard of Review**

Rule 12(b) of the Federal Rules of Civil Procedure provides that if "matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." "Therefore, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence." *See David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The required notice may be actual or constructive, and in some circumstances the submission of evidentiary materials by a party constitutes sufficient notice. *See Id.*

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). When applying this standard, a court must view the evidence and

draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof. *See Id.* A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). Instead, the nonmoving party must present facts such that under the applicable law, a reasonable jury could find in its favor. *See Id.*

**Discussion**

Lopez submitted his affidavit, which included facts that were not alleged in the First Amended Complaint, with his Motion to Dismiss. Plaintiffs did not object to the submission of Lopez affidavit with his Motion. Both Lopez and Plaintiffs had sufficient notice that the Court would consider the facts alleged in Lopez' affidavit. *See David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) ("The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice."); *Nichols v. United States*, 796, F.2d 361, 364 (10th Cir. 1986) (failure to give notice is not reversible error if a party does not attempt to exclude the supporting documents but files its own sworn affidavits in response").

Lopez contends that he, as Superintendent of the New Mexico Regulation and Licensing Department, is not a proper party to this litigation because he was not appointed Superintendent until

3

after the time periods relevant to this litigation. (Motion at 2). Lopez supports his contention with his affidavit. (Motion at Ex. A). Plaintiffs do not dispute Lopez' contention that he was not Superintendent during the time period relevant to their complaint. (Response at 1-3, Doc. No. 136, filed April 5, 2007). All claims against Lopez in his individual and official capacity as Superintendent for the Regulation and Licensing Department of the State of New Mexico shall be dismissed.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2007.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiffs*

Douglas Craig Littlejohn
P.O. Box 1999
Silver City, NM 88062-1999

*Attorney for Defendant Town of Silver City*

Lawrence R. White
P.O. Box 1209
Las Cruces, NM 88004

*Attorney for Defendant William R. Hankins*

Mark A. Filosa
P.O. Drawer 391
Truth or Consequences, NM 87901

*Attorney for Defendant Mogollon Corp.*

Mark A. Filosa
P.O. Drawer 391
Truth or Consequences, NM 87901

*Attorney for Defendant Vic Topmiller*

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062

*Attorney for Defendant Sun Mountain America*

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062

*Attorneys for Defendant Robert M. Rowland*

Meena H. Allen
Randal W. Roberts
11200 Lomas Blvd. NE, #210
Albuquerque, NM 87112

William Perkins
P.O. Box 1289
Silver City, NM 88062

*Attorney for Defendant State of New Mexico*

CaraLyn Banks
Thomas A. Sandenaw, Jr.
2951 Roadrunner Parkway
Las Cruces, NM 88011

*Attorney for Defendant Carol Thompson*

J. Monty Stevens
221 N. Kansas, #500 - Wells Fargo Plaza
El Paso, TX 79901