## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LARRY GILLASPY and CONNIE SCORZA,
individually and as Husband and Wife;
RAYMOND G. VAUGHAN and VICKIE VAUGHAN,
individually and as Husband and Wife,

        Plaintiffs,

v.                                    No. CIV-06-284 MV-CG

TOWN OF SILVER CITY; TERRY FORTENBERRY;
HAROLD STEVE MAY; GARY CLAUSS;
THOMAS NUPP; JUDITH WARD; JERRY HUCKABY;
RUBEN APODACA; MIKE ELEY; PETER RUSSELL;
STATE OF NEW MEXICO, REGULATION AND
LICENSING DEPARTMENT, CONSTRUCTION
INDUSTRIES DIVISION; EDWARD J. LOPEZ;
LISA D. MARTINEZ; JAIME GUZMAN; WAYNE DOTSON;
RICHARD ROMERO; GERALD LOUCK; RON LE CLAIR
WILLIAM R. HANKINS; MOGOLLON CORP.;
VIC TOPMILLER; SUN MOUNTAIN AMERICA, INC.;
CAROL THOMPSON dba THOMPSON REALTY/CENTURY 21;
ROBERT M. ROWLAND; ERNEST TERRAZAS, JR.,
dba TIMBERLAND CONSTRUCTION, aka TIMBERLAND
COUNTRY CONSTRUCTION; and DOES 19 through 50, inclusive,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Robert M. Rowland's Motion to

Dismiss (Doc. No. 137, filed April 6, 2007), Defendants William R. Hankins and Mogollon Corp.'s

Motion to Dismiss (Doc. No. 141, filed April 9, 2007), and Defendant Carol Thompson d/b/a

Thompson Realty/Century 21's Motion to Dismiss (Doc. No. 149, filed April 11, 2007).  For the

reasons given below, the Court will **GRANT** the Motions.

**First Amended Complaint**

Plaintiffs' First Amended Complaint (Doc. No. 112, filed March 7, 2007, "Amended Complaint") lists 25 named and 31 unnamed Defendants ("Does 19-50") and presents 38 causes of action consisting of 557 paragraphs over 134 pages with 23 exhibits.  Only 8 of the causes of action provide federal question jurisdiction.  Before discussing its reasons for declining to exercise supplemental jurisdiction on many of the state law causes of action, the Court will briefly summarize the causes of action as alleged in the Amended Complaint.

**Plaintiffs**

Plaintiffs Raymond G. Vaughan and Vickie Vaughn ("Vaughan"), husband and wife, purchased a home in the Plaza de los Arboles Subdivision ("Subdivision") in Silver City, New Mexico, in January 2004.  (Amended Complaint ¶ 71).  Plaintiffs Larry Gillaspy and Connie Scorza ("Gillaspy/Scorza"), husband and wife, purchased a lot in the Subdivision in February 2004 and contracted with Defendant Terrazas to construct a home on their lot.  (Amended Complaint ¶¶ 72, 138-144, 158, 441-443).  Plaintiffs' causes of action relate in various ways to their homes.

**Causes of Action 1-8: The Town Defendants**

Defendants named in the first eight causes of action ("the Town Defendants") include the Town of Silver City ("Town"), the Town's Mayor, four of the Town Council Members, three employees of the Town (a Building Inspector, City Planner, and the Community Development Director), and an employee of the State of New Mexico working on behalf of the Town as an Electrical Inspector.  (Complaint ¶¶ 23-29).

The First Cause of Action alleges deprivation of federal and state civil rights and personal liberties under color of law against several of the Town Defendants.  (*Id.*  ¶¶ 88-120).  Plaintiffs

allege that some of the Town Defendants prevented them from exercising their right to free speech in a public forum by not allowing Plaintiffs to make statements regarding their homes during the public input section of Town Council meetings.  (*Id*.).

The Second Cause of Action alleges denial of federal and state substantive due process.  (*Id.* ¶¶ 121-125).  Plaintiffs allege that they have been deprived of their property interests without due process of law due to the acts and omissions of some of the Town Defendants related to residential building inspections, issuance of certificates of occupancy, enforcement of building code requirements, and other actions.  (*Id*.).

The Third Cause of Action alleges denial of federal and state procedural due process.  (*Id.* ¶¶ 126-131).  Plaintiffs allege that they were denied an opportunity to be heard by the Town at the Town Council meetings on their grievances regarding their residence and occurrences at the Subdivision.  (*Id*.).

The Fourth through Eighth causes of action are for state law claims for negligently inspecting and approving the construction of Plaintiffs' residence, negligent and intentional misrepresentation by failing to ensure that Plaintiffs' residence was constructed in accordance with all applicable building codes,  negligence by failing to perform their official duties regarding the Subdivision, and failure to enforce municipal codes  (*Id.* ¶¶ 132-216).

**Causes of Action 9-12:  The State Defendants**

The "State Defendants" include the Construction Industries Division ("CID") of the State of New Mexico's Regulation and Licensing Department, the Superintendent of the Regulation and Licensing Department, and employees of CID.  (*Id.* ¶¶ 30-37).

The Ninth Cause of Action alleges the State Defendants were negligent in performing their

duties by, among other things, failing to inspect Plaintiffs' residence and failing to investigate the construction activities of Defendant Terrazas.  (*Id.*  ¶¶ 217-230).

The Tenth, Eleventh and Twelfth Causes of Action allege denial of federal and state procedural and substantive due process by, among other things, failing to investigate hazardous construction practices of Defendant Terrazas, failing to properly issue a general contractors license to Terrazas, failing to properly certify that the Town's building inspectors are competent, failing to make complete inspections of matters complained of by Plaintiffs, the absence of a policy and procedures manual for resolving complaints, and holding Plaintiffs complaints in abeyance pending litigation.  (*Id.*  ¶¶ 231-296).

**Causes of Action 13-14:  Hankins/Mogollon and Topmiller/Sun Mountain**

The Thirteenth and Fourteenth Causes of Action name William R. Hankins ("Hankins"), Mogollon Corp. ("Mogollon"), Vic Topmiller, Jr.  ("Topmiller") and Sun Mountain America, Inc. ("Sun Mountain") as defendants (collectively "the Subdividers").  (*Id.*  ¶¶ 297-322).  Hankins formed Mogollon for the purposes for the sale and development of residential lots in the Subdivision.  (*Id.*  ¶ 8).  Topmiller formed Sun Mountain for the purposes of providing surveying and engineering services, and representing land developers.  (*Id.*  ¶ 17).

Plaintiffs allege that the Subdividers negligently and intentionally made untrue representations to induce the Town to approve the Subdivision. (*Id.*  ¶¶ 297-322).  Plaintiffs allege they were harmed by the Subdividers' failure to perform as represented during the Subdivision approval process.  (*Id.*).

4

**Causes of Action 15-19:  Hankins/Mogollon**

In their Fifteenth through Nineteenth causes of action Plaintiffs allege that Hankins/Mogollon breached and failed to enforce Subdivision covenants, made negligent misrepresentations when they recorded the Subdivision covenants, intentionally misrepresented that they would enforce the Subdivision covenants, made negligent misrepresentations when they recorded the Subdivision plat and intentionally misrepresented the layout of the lots in the Subdivision plat.  (*Id.*  ¶¶ 323-361).

**Cause of Action 20:  Rowland**

Plaintiffs allege that Defendant Robert M. Rowland ("Rowland") contends he has title and interest in the Town's easements in the Subdivision and may be allowed to develop the easements.  (*Id.*  ¶¶ 362-370).  Plaintiffs allege that Rowland does not have an interest in the Town's easements and seek declaratory relief regarding the quitclaim conveyances of the easements to Rowland.  (*Id.*).

**Cause of Action 21:  Rowland and The Town Defendants**

Plaintiffs allege that Rowland has no interest in the natural easements shown on the Subdivision Plat and seek a declaration that the recorded Subdivision plat is binding on Rowland and the Town (*Id.*  ¶¶ 361-381).

**Causes of Action 22-26:  Hankins and Thompson**

Defendant Carol Thompson ("Thompson"), doing business as Thompson/Century 21, acted as real estate agent for Plaintiffs Gillaspy/Scorza during their search for a permanent residence.  (*Id.*  ¶¶ 382-434).  Plaintiffs Gillaspy/Scorza made an offer, which Hankins/Mogollon accepted, for the purchase of a lot at the Subdivision.  (*Id.*).  Plaintiffs allege that, regarding the sale of the lot, Thompson and Hankins/Mogollon breached the contract, made negligent and intentional

misrepresentations, and breached an express warranty and the covenant of good faith and fair dealing.  (*Id.*).

**Causes of Action 27-28:  Thompson**

Plaintiffs allege that Thompson, as their real estate agent, breached her fiduciary duty and agency contract by failing to disclose certain information during Plaintiffs' purchase of the Subdivision lot.  (*Id.*  ¶¶ 435-452).

**Causes of Action 29-35:  Rowland**

Plaintiffs allege that Rowland breached the real property covenants of the Subdivision, filed lawsuits against Plaintiffs constituting malicious abuse of process, damaged and trespassed on Plaintiffs' property, violated a restraining order, made negligent and intentional misrepresentations regarding development of the subdivision, intentionally inflicted emotional distress by various acts, and defamed Plaintiffs by telling the police that Plaintiffs were "troublemakers." (*Id.*  ¶¶ 453-545).

**Cause of Action 36:  The Town Defendants, Rowland and Terrazas**

Defendant Ernest Terrazas, Jr. ("Terrazas"), doing business as Timberland Construction, was involved with the construction of Plaintiffs' residence.  (*Id.* Ex. 4).  Plaintiffs allege that Rowland and Terrazas conspired with the Town, and thus acted under color of law, regarding enforcement of building code requirements and events occurring at the Subdivision, thereby violating Plaintiffs' civil rights under 42 U.S.C. § 1983.  (*Id.*  ¶¶ 124, 456-549).

**Cause of Action 37:  Terrazas and the State Defendants**

Plaintiffs allege that Terrazas and the State Defendants conspired regarding construction inspection of Plaintiffs' residence, thereby violating Plaintiffs' civil rights under 42 U.S.C. § 1983. (*Id.*  ¶¶ 227, 550-553).

**Cause of Action 38:  All Defendants**

In their 38th and last cause of action, Plaintiffs allege that all Defendants entered into one or more civil conspiracies. (*Id.* ¶¶ 554-557).  This cause of action does not specifically identify each conspiracy but instead refers to the previous allegations.  (*Id.*).

**Legal Standard**

When deciding a 12(b)(6) motion, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, No. 06-2001, 1007 WL 2019752, at *3 n.2 (10th Cir. July 13, 2007); *see also Bell Atlantic Corp. v. Trombly*, 127 S.Ct. 1955, 1964-1970 (2007) (discussing the "plausibility" standard and the retirement of the "no set of facts" standard)).  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**Civil Conspiracy**

The Thirty-Eighth Cause of Action alleges civil conspiracy against all of the Defendants stating:

> . . . all named Defendants herein, and each of them, individually, jointly, and severally, entered into one or more agreements, amongst and between two or more of themselves, to commit the various unlawful or tortious acts as described herein, to perform various lawful acts as described herein in an unlawful manner, and to perform one or more overt tortious acts as described herein, committed in furtherance of said agreement or agreements.

7

(Amended Complaint at ¶ 555).  The Thirty-Eighth Cause of Action does not specifically identify each conspiracy but instead "incorporate[s] by reference each and every allegation set forth in Paragraphs 1 through 553 above, as if fully set forth herein."  (*Id.* at ¶ 554).

"A civil conspiracy is the combination of two or more persons acting in concert, either to commit an unlawful act, or to commit a lawful act by unlawful means." *Singer v. Wadman*, 745 F.2d 606, 609 (10th Cir. 1984) (*citing Hampton v. Hanrahan*, 600 F.2d 600, 620-21 (7th Cir. 1979) (the principal element of civil conspiracy is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage)).

The Court will dismiss the Thirty-Eight Cause of Action, Civil Conspiracy, against Defendants Thompson and Hankins because the allegations in the Amended Complaint do not plausibly support a legal claim for relief.  "The factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "Terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation-for example, identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such terms as a sufficient basis for a complaint."  *Id.* at 1966 (*quoting DM Research, Inc. v. College of Am. Pathologists,* 170 F.3d 53, 56 (C.A.1 1999)).

The Court reviewed the Amended Complaint, including an electronic search on the entire 557-paragraph Amended Complaint for the words "Thompson" and "Hankins," and did not find any independent allegations of actual agreement between Defendant Thompson or Defendant Hankins and any of the other Defendants.  While some of the Causes of Action allege claims against Defendant Thompson or Defendant Hankins and other Defendants, those allegations contain

descriptions of parallel conduct and not any independent allegation of agreement between Defendant

Thompson or Defendant Hankins and the other Defendants. *See id.* at 1970 (descriptions of parallel

conduct without independent allegations of actual agreement between defendants is not sufficient

to establish plausible conspiracy claim).  Paragraph 555 of the Amended Complaint, quoted above,

is merely a conclusory allegation that does not satisfy Plaintiffs' obligation to provide the grounds

of their entitlement to relief.  *See id.* at 1964-1965 ("a plaintiff's obligation to provide the grounds

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do").

The Court will not dismiss the Thirty-Eight Cause of Action alleging civil conspiracy against

Defendant Rowland for failure to state a claim because the Court found one paragraph in the

Amended Complaint in which Plaintiffs allege that:

> [The Town Defendants] have entered into one or more agreements, and have taken
> one or more unlawful actions and inactions, constituting a conspiracy formed with
> Defendant Rowland, devising a scheme whereby Defendant Rowland would be
> allowed to continue to operate one or more units at Plaintiffs' residential subdivision
> as hotel/motel units, as defined by law.

(Amended Complaint at ¶ 212).

## Civil Rights Violations under 42 U.S.C. § 1983

The Thirty-Sixth Cause of Action alleges "civil rights violations under USC § 1983" against

Defendant Rowland, Defendant Terrazas and the Town Defendants stating:

> By committing the acts and omissions, and by entering into the conspiracies set forth
> [in paragraphs 1-545 of the Amended Complaint], amongst and between defendants
> Rowland, Terrazas/Timberland, and [the Town Defendants], Defendants Rowland
> and and Terraza/Timberland, were jointly engaged with [Town] officials in the
> prohibited actions set forth throughout this Complaint, and were therefore acting
> under color of law, and were willful participants in the joint activities of said
> officials to the detriment of Plaintiffs.

> By committing the acts and omissions, and by entering into the conspiracies set forth herein, Defendants, Rowland and Terrazas/Timberland, were private citizens acting under "color of state law," by conspiring with public officials to violate state and federal law, in violation, *inter alia*, of Plaintiffs' rights under 42 U.S.C. § 1983.

(Amended Complaint at ¶¶ 547-548).

Conspiracy allegations may form the basis of a claim under 42 U.S.C. § 1983. However, to state a valid § 1983 claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). To show the existence of an agreement, plaintiffs must show "that there [was] a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich*, 159 F.3d at 533.

The conspiracy allegations in the Thirty-Sixth Cause of Action, paragraphs 547 and 548 quoted above, are clearly conclusory and do not allege specific facts showing an agreement and concerted action among Defendant Rowland and other Defendants to deprive Plaintiffs of their constitutional rights. Because the the Thirty-Sixth Cause of Action incorporates Paragraphs 1-545 by reference, the Court reviewed the entire Amended Complaint for other conspiracy allegations. Paragraph 124 (e)-(h) alleges conspiracies between Defendant Rowland and the Town Defendants, but those allegations are also conclusory. Paragraph 212 also alleges a conspiracy between Defendant Rowland and the Town Defendants regarding the Town Defendants failure to enforce municipal codes, but does not allege a deprivation of a federal right. The Court found no allegations of specific facts showing an agreement and concerted action among Defendant Rowland and other Defendants to deprive Plaintiffs of their constitutional rights. The Court will, therefore, grant

Defendant Rowland's motion to dismiss the Thirty-Sixth Cause of Action against him.

**Supplemental Jurisdiction**

The Court has supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case. *See* 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."). However, the Court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate over the federal claims over which the Court has original jurisdiction, or if the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(1) and (3). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966).

The Court will dismiss Plaintiffs' remaining state law claims against Defendant Thompson without prejudice. The remaining state law claims against Thompson, Causes of Action 22-28, relate to Thompson's alleged acts and omissions regarding the sale of a lot to Plaintiffs Gillaspy and Scorza. The Amended Complaint does not allege any federal claims against Thompson. The federal claims against the Town and State Defendants regarding the right to free speech, and substantive and procedural due process relate to the building code and building inspection procedures applicable during construction of Plaintiffs' home. The Court concludes it does not have supplemental jurisdiction over Plaintiffs' state law claims against Thompson because they do not derive from a common nucleus of operative fact with the federal claims against the other Defendants.

11

The Court will dismiss Plaintiffs' remaining state law claims against Defendants Hankins and Mogollon without prejudice. The remaining state law claims against Hankins and Mogollon, Causes of Action 13-19 and 22-26, relate to Hankins' and Mogollon's alleged acts and omissions regarding the Subdivision approval process, Subdivision covenants and the sale of a lot to Plaintiffs Gillaspy and Scorza. The Amended Complaint does not allege any federal claims against Hankins and Mogollon. The Court concludes it does not have supplemental jurisdiction over Plaintiffs' state law claims against Hankins and Mogollon because the state claims against them do not derive from a common nucleus of operative fact with the federal free speech and due process claims against the other Defendants.

The Court will dismiss Plaintiffs' remaining state law claims against Defendant Rowland, including the civil conspiracy claim addressed above, without prejudice. The remaining state law claims against Rowland, Causes of Action 20-21, 29-35 and 38 are for declaratory judgments on quitclaim conveyances and the Subdivision plat, breach of and misrepresentation of Subdivision covenants, malicious abuse of process, trespass and property damage, intentional infliction of emotional distress, defamation and civil conspiracy. The Court has dismissed the only federal claim against Rowland. The Court concludes it does not have supplemental jurisdiction over Plaintiffs' state law claims against Rowland because the state claims against him do not derive from a common nucleus of operative fact with the federal free speech and due process claims against the other Defendants.

If the Court does have supplemental jurisdiction over the state law claims against Defendants Thompson, Hankins/Mogollon and Rowland, it will decline to exercise such jurisdiction because the state law claims predominate over the federal free speech and due process claims. There are

twenty-three state law claims against Defendants Thompson, Hankins/Mogollon and Rowland combined; there are only eight federal claims, none of which remain pending against Defendants Thompson, Hankins/Mogollon and Rowland.  There will likely be a substantial quantity of evidence supporting the state claims that will not be relevant to the federal claims.  Because the remaining state claims against Defendants Thompson, Hankins/Mogollon and Rowland predominate both in terms of proof and the scope of issues raised, the Court will dismiss those claims without prejudice.

**IT IS SO ORDERED.**

Dated this ___5th___ day of __February__ 2008.

_____

**MARTHA VÁZQUEZ**

**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiffs*

Douglas Craig Littlejohn
P.O. Box 1999
Silver City, NM 88062-1999

*Attorney for Intervenor Plaintiff Allstate Insurance Company*

Brian A. Thomas
901 Rio Grande Blvd. NW, Suite G-250
Albuquerque, NM 87104

*Attorney for Defendant Town of Silver City*

Lawrence R. White
P.O. Box 1209
Las Cruces, NM 88004

*Attorney for Defendant William R. Hankins*

Mark A. Filosa
P.O. Drawer 391
Truth or Consequences, NM 87901

13

*Attorney for Defendant Mogollon Corp.*

Mark A. Filosa
P.O. Drawer 391
Truth or Consequences, NM 87901

*Attorney for Defendant Vic Topmiller*

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062

*Attorney for Defendant Sun Mountain America*

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062

*Attorneys for Defendant Robert M. Rowland*

Meena H. Allen
Randal W. Roberts
11200 Lomas Blvd. NE, #210
Albuquerque, NM 87112

William Perkins
P.O. Box 1289
Silver City, NM 88062

*Attorney for Defendant State of New Mexico*

CaraLyn Banks
Thomas A. Sandenaw, Jr.
2951 Roadrunner Parkway
Las Cruces, NM 88011

*Attorney for Defendant Carol Thompson*

J. Monty Stevens
221 N. Kansas, #500 - Wells Fargo Plaza
El Paso, TX 79901