**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LARRY GILLASPY and CONNIE SCORZA,
individually and as Husband and Wife;
RAYMOND G. VAUGHAN and VICKIE VAUGHAN,
individually and as Husband and Wife,

      Plaintiffs,

v.                                                                                                     No. CIV-06-284 MV-CG

TOWN OF SILVER CITY; TERRY FORTENBERRY;
HAROLD STEVE MAY; GARY CLAUSS;
THOMAS NUPP; JUDITH WARD; JERRY HUCKABY;
RUBEN APODACA; MIKE ELEY; PETER RUSSELL;
STATE OF NEW MEXICO, REGULATION AND
LICENSING DEPARTMENT, CONSTRUCTION
INDUSTRIES DIVISION; EDWARD J. LOPEZ;
LISA D. MARTINEZ; JAIME GUZMAN; WAYNE DOTSON;
RICHARD ROMERO; GERALD LOUCK; RON LE CLAIR
WILLIAM R. HANKINS; MOGOLLON CORP.;
VIC TOPMILLER; SUN MOUNTAIN AMERICA, INC.;
CAROL THOMPSON dba THOMPSON REALTY/CENTURY 21;
ROBERT M. ROWLAND; ERNEST TERRAZAS, JR.,
dba TIMBERLAND CONSTRUCTION, aka TIMBERLAND
COUNTRY CONSTRUCTION; and DOES 19 through 50, inclusive,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court *sua sponte*. On February 1, 2008, the Court entered a memorandum opinion and order (Doc. No. 229) granting in part and denying in part the motion for summary judgment on behalf of Defendant Town of Silver City, the Mayor, four members of the Town Council and three Town Employees ("the Town Defendants"). The Court deferred ruling on whether to exercise supplemental jurisdiction over Plaintiffs' state law claims against the Town Defendants until after ruling on the then pending dispositive motions filed by other

Defendants.  The Court has ruled on those other dispositive motions.  (*See* Doc. No. 231, filed February 5, 2008; Doc. No. 236, filed March 27, 2008).

There are three remaining federal claims against the Town Defendants for violations of First Amendment Rights, Procedural Due Process and Civil Rights Conspiracy.  The First Amendment and Procedural Due Process claims arise from the Town Defendants' allegedly preventing Plaintiffs from exercising their right to free speech and not providing Plaintiffs an opportunity to be heard during the Public Input portion of a Town Council meeting.  (Amended Complaint ¶¶ 88-120, 126-131 at 14-21, 25-26).  The Civil Rights Conspiracy claim does not specifically identify the alleged acts that form the basis of this claim.  (Amended Complaint ¶¶ 546-549 at 131-132).  The Court has already dismissed the Civil Rights Conspiracy claim against another of the Defendants because Plaintiffs failed to assert the violation of a federal right that would entitle them to a remedy pursuant to 42 U.S.C. § 1983.  (*See* Doc. No. 224 at 5, filed October 5, 2007).

There are six pending state law claims against the Town Defendants.  The Fourth through Eighth causes of action are state law claims for negligently inspecting and approving the construction of Plaintiffs' residence, negligent and intentional misrepresentation by failing to ensure that Plaintiffs' residence was constructed in accordance with all applicable building codes, negligence by failing to perform their official duties regarding the Subdivision, and failure to enforce municipal codes.  (Amended Complaint ¶¶ 132-216 at 26-50).  In their 38th and last cause of action, Plaintiffs allege that all Defendants entered into one or more civil conspiracies. (*Id.* ¶¶ 554-557). The civil conspiracy cause of action does not specifically identify each conspiracy but instead refers to the previous allegations.  (*Id.*).

**Supplemental Jurisdiction**

The Court has supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case. *See* 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."). However, the Court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate over the federal claims over which the Court has original jurisdiction, or if the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(1) and (3). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966).

The Court will dismiss Plaintiffs' remaining state law claims against the Town Defendants without prejudice. The remaining state law claims against the Town Defendants relate to their alleged negligence, misrepresentations and failure to enforce codes involving the subdivision and the construction of Plaintiffs' residence. The federal claims against the Town Defendants relate to Plaintiffs' right to free speech and opportunity to be heard at the Town Council meeting. The Court concludes it does not have supplemental jurisdiction over Plaintiffs' state law claims against the Town Defendants because they do not derive from a common nucleus of operative fact with the federal claims.

If the Court does have supplemental jurisdiction over the state law claims against the Town Defendants, it will decline to exercise such jurisdiction because the state law claims predominate over the federal free speech and due process claims.  There will likely be a substantial quantity of evidence supporting the eight state law claims that will not be relevant to the remaining federal claims.  Because the remaining state law claims against the Town Defendants predominate both in terms of proof and the scope of issues raised, the Court will dismiss those claims without prejudice.

**IT IS SO ORDERED.**

Dated this 18th day of June, 2008.

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiffs*

Douglas Craig Littlejohn
P.O. Box 1999
Silver City, NM 88062-1999

*Attorney for Intervenor Plaintiff Allstate Insurance Company*

Brian A. Thomas
901 Rio Grande Blvd. NW, Suite G-250
Albuquerque, NM 87104

*Attorney for Defendant Town of Silver City*

Lawrence R. White
P.O. Box 1209
Las Cruces, NM 88004

*Attorney for Defendant William R. Hankins*

Mark A. Filosa
P.O. Drawer 391
Truth or Consequences, NM 87901

*Attorney for Defendant Mogollon Corp.*

Mark A. Filosa
P.O. Drawer 391
Truth or Consequences, NM 87901

*Attorney for Defendant Vic Topmiller*

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062

*Attorney for Defendant Sun Mountain America*

Thomas F. Stewart
P.O. Box 3046
Silver City, NM 88062

*Attorneys for Defendant Robert M. Rowland*

Meena H. Allen
Randal W. Roberts
11200 Lomas Blvd. NE, #210
Albuquerque, NM 87112

William Perkins
P.O. Box 1289
Silver City, NM 88062

*Attorney for Defendant State of New Mexico*

CaraLyn Banks
Thomas A. Sandenaw, Jr.
2951 Roadrunner Parkway
Las Cruces, NM 88011

*Attorney for Defendant Carol Thompson*

J. Monty Stevens
221 N. Kansas, #500 - Wells Fargo Plaza
El Paso, TX 79901